IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL L. MAXEY,<br><br>　　　　　　Plaintiff,<br>　vs.<br>PAUL VAN DALEN, et al.,<br>　　　　　　Defendants._____/ | CASE NO. CV-F-05-1385 REC LJO<br><br>**ORDER TO DENY CLASS CERTIFICATION**<br>(Doc. 3.) |

Plaintiff Darrell L. Maxey ("plaintiff") is incarcerated and proceeds pro se and in forma pauperis in this action. On November 2, 2005, plaintiff filed his form 42 U.S.C. § 1983 complaint ("complaint") and motion for class certification. F.R.Civ.P. 23(a) addresses class action prerequisites and states:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In addition to satisfying F.R.Civ.P. 23(a)'s requirements, a complaint needs facts to show grounds for class action certification, such as: (1) risk of prejudice from separate actions; (2) injunctive relief sought for the class; or (3) "predominant" common questions and "superior" remedy. *See* F.R.Civ.P. 23(b).

The complaint fails to satisfy class action pleading requirements, assuming that it attempts to plead class action claims.

1

1    This Court DENIES plaintiff's motion for class certification.

2    IT IS SO ORDERED.

3    **Dated:     November 28, 2005**                    **/s/ Lawrence J. O'Neill**
     66h44d                                              UNITED STATES MAGISTRATE JUDGE