1

2

3

4

5

6

7

8       **IN THE UNITED STATES DISTRICT COURT**

9       **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   DARRELL L. MAXEY,                          CASE NO. CV-F-05-1385 LJO TAG

12              Plaintiff,                      **ORDER ON DEFENDANTS' MOTION TO
                                                DISMISS**
13   PAUL VAN DALEN, et al.,

14              Defendants.
                                          /
15

16        On March 22, 2007, defendants Paul Van Dalen and Brandi Phebus ("defendants") filed a motion

17   to dismiss on the grounds that plaintiff is deceased and no motion for substitution by his successor or

18   representative has been made.  Fed.R.Civ.P. 25. No opposition has been filed.  The motion came on

19   regularly for hearing on April 23, 2007 in department 4 of this Court.  Defendants appeared by counsel

20   Erica Camarena.  No appearance was made on behalf of plaintiff or on behalf of any representative of

21   plaintiff.

22                        **FACTUAL AND PROCEDURAL BACKGROUND**

23        Plaintiff, Darrell L. Maxey, filed this action on May 1, 2005 for damages arising out of his

24   arrest.  Plaintiff was proceeding in this action in propria persona and informa pauperis.  Plaintiff

25   alleged that Defendant Officer Paul Van Dalen used excessive force while effectuating plaintiff's

26   arrest as Officer Brandi Phebus watched.

27        Defendants argue that the last activity by plaintiff was on June 6, 2006 wherein he advised

28   the Court and defendants of his change of address.  In about July 2006, defendants received word

1    that plaintiff had been involved in a fatal motor vehicle accident on June 13, 2006 in the state of

2    Virginia.  Thereafter, on October 2, 2006, this Court issued an order authorizing the release of

3    plaintiff's death certificate.  A certified copy of plaintiff's death certificate from the State of Virginia

4    Department of Vital Statistics was filed with the Court on January 25, 2007.  (Doc. 37.)  The

5    document states that decedent was Darrell L.  Maxey, of 313 W. Woodward Street, Fresno,

6    California, which is the same address plaintiff changed his address to and notified the Court on June

7    6, 2006.  (Doc. 32.)

8         Defendants' evidence states that defense counsel received a call, in October 2006, from a

9    woman who identified herself as plaintiff's sister.  (Doc. 42-3, Decl. of Monica Garza.)  She was

10   responding to the Court's order for the release of the death certificate and indicated that the family

11   may be interested in pursuing the lawsuit.  (Doc. 42-3, Decl. of Monica Garza.)  Nothing more has

12   been heard from her.  No motion for substitution of representative has been filed.

13                              **ANALYSIS AND DISCUSSION**

14        Defendants seek to dismiss this action on the grounds that plaintiff has died and no

15   representative has substituted in.

16        If a plaintiff or defendant dies during the course of a lawsuit, the court may allow the action

17   to be continued by or against the party's representative or successor in interest. Fed.R.Civ.P. 25(a)(1).

18   Any party to the action or the deceased party's successors may file a "statement of fact of death" of

19   the deceased party.  Fed.R.Civ.P 25(a)(1).

20        The statement of death must be served on the other parties and on the deceased's successors

21   or representatives in the same manner required for service of the motion to substitute.  The motion

22   for substitution must be made not later than 90 days after the death is "suggested upon the record by

23   service of a statement of the fact of death." *Barlow v. Ground,* 39 F.3d 231, 233 (9th Cir. 1994);

24   Fed.R.Civ.P. 25(a)(1) ("Unless the motion for substitution is made not later than 90 days after the

25   death is suggested upon the record by service of a statement of the fact of the death as provided

26   herein for the service of the motion, the action shall be dismissed as to the deceased party.")  The

27   90–day period does not start to run until filing and service of a statement of death, even if the parties

28   had actual notice earlier. *Barlow v. Ground*, 39 F.3d at 233 (Two affirmative steps are in order to

1   trigger the running of the 90 day period. First, a party must formally suggest the death of the party

2   upon the record. Second, the suggesting party must serve other parties and nonparty successors or

3   representatives of the deceased with a suggestion of death in the same manner as required for service

4   of the motion to substitute.)

5        Here, the Notice of Plaintiff's Death, which included the certified Certificate of Death, was

6   filed on January 25, 2007.  The Notice of Plaintiff's Death was served via substitute service at the

7   address of 313 Woodward Ave. Fresno, Ca. 93706, on Charlene Maxey and Katie Maxey, on

8   January 22, 2007.  (Doc. 37, p.12.)  This motion to dismiss was also served, via mail, to the 313

9   Woodward address.

10        If no motion to substitute is made within 90 days after the statement of death is filed, the

11   action must be dismissed as to the deceased party. Fed.R.Civ.P. 25(a)(1),(2).  *But See Continental*

12   *Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993) (leave to file late motions to substitute

13   should be "liberally granted" under FRCP 6(b) (enlargement of time).)

14        Here, no representative for decedent has filed a motion to substitute.  The 90-day period has

15   expired. Accordingly, the action should be dismissed.

16                                          **CONCLUSION**

17        For the foregoing reasons, this action is DISMISSED.

18        The clerk of this Court is directed to administratively close this case.

19   IT IS SO ORDERED.

20   **Dated:    April 23, 2007**                          **/s/ Lawrence J. O'Neill**
                                                    UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28

3